**DONEGAN v. DYSON, U. S. Marshal.**

(District Court, S. D. Florida. July 25, 1924.)

No. 2162.

**1. Judges 2—Statute as to additional Circuit Judges not repealed by repeal of Commerce Court Act.**

Judicial Code, § 201 (Comp. St. § 1110), as to designation and assignment for service by the Chief Justice of additional Circuit Judges authorized by Act June 18, 1910, creating Commerce Court, *held* not repealed by Act Oct. 22, 1913 (Comp. St. § 992), in terms repealing all acts, in so far as relating to establishment of Commerce Court, with proviso as to continued tenure of such judges.

**2. Judges 23—Additional Circuit Judges may preside in District Court when assigned.**

Judicial Code, § 201 (Comp. St. § 1110), *held* to vest in additional Circuit Judges appointed pursuant to Act June 18, 1910, creating Commerce Court, jurisdiction to preside in District Court, when designated to do so by the Chief Justice.

Habeas corpus by Arthur E. Donegan against B. E. Dyson, United States Marshal. Petitioner remanded to custody.

W. M. Toomer, of Jacksonville, Fla., and Alexander Akerman, of Orlando, Fla., for petitioner.

Maynard Ramsey, Asst. U. S. Atty., of Jacksonville, Fla., for respondent.

CALL, District Judge. In this case the petitioner was convicted at the Tampa term of this court, presided over by Judge Julian W. Mack, a Circuit Judge of the United States appointed under the provisions for the appointment of five additional Circuit Judges in the act establishing the Commerce Court (36 Stat. 539). Judge Mack presided at the term of the court by virtue of a designation made by the Chief Justice of the United States Supreme Court.

It is contended that Judge Mack was a judge neither de facto nor de jure in holding said term of the District Court. It is admitted by counsel for petitioner that, in the event Judge Mack occupied either position, the petitioner must be remanded to the custody of the marshal and the commitment executed.

In the designation of the Chief Justice, section 201 of the Judicial Code is given as authority for the designation. That section reads as follows: "The five additional Circuit Judges authorized by the act to create a Commerce Court * * * from time to time shall be designated and assigned by the Chief Justice of the United States for service in the District Court of any district, or the Circuit Court of Appeals for any circuit, or in the Commerce Court, and when so designated and assigned for service in a District Court or Circuit Court of Appeals shall have the powers and jurisdiction in this act conferred upon a Circuit Judge in his circuit." 36 Stat. 1147 (Comp. St. § 1110).

It is contended that this section of the Judicial Code was repealed by the Act of October 22, 1913, c. 32 (Comp. St. § 992). The pertinent portion of the act reads as follows: "And all acts or parts of acts in so far as they relate to the establishment of the Commerce Court are repealed. Nothing herein contained shall be deemed to affect the tenure of any of the judges now acting as Circuit Judges by appointment under the terms of said act, but such judges shall continue to act under assignment, as in the said act provided, as judges of the District Courts and Circuit Courts of Appeals."

[1, 2] It seems clear to me that section 201 of the Judicial Code was not repealed by the act abolishing the Commerce Court, and that the several provisions of the Code and acts amendatory thereto as to the designation of District Judges to preside outside of their respective districts, or Circuit Judges to preside in District Courts in their circuits, have no bearing upon the question here at issue. It seems to me equally clear that section 201 of the Judicial Code vests in the additional Circuit Judges appointed pursuant to the act the jurisdiction to preside in the District Court, when so designated to do so by the Chief Justice. It therefore follows that, under the facts shown in the petition and the return, the petitioner must be remanded to the custody of the marshal, that the commitment may be executed.

The petitioner having requested that, in the event judgment should go against his petition, a writ of error from the Circuit

Court of Appeals of this circuit be allowed and a supersedeas bond be fixed, the request will be granted, and supersedeas bond fixed at $5,000.

Judgment remanding the petitioner.